IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -9 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01400-BNB

ERIC MARSHALL,

     Applicant,

v.

KEVIN ESTEP, Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

_____

## ORDER OF DISMISSAL

_____

I. Background

     Applicant Eric Marshall is a prisoner in the custody of the Colorado Department
of Corrections (DOC) at the Kit Carson Correctional Center in Burlington, Colorado. Mr.
Marshall initiated this action by filing a **pro se** Application for a Writ of Habeas Corpus
Pursuant to 28 U.S.C. § 2254 challenging the validity of his 2004 State of Colorado
conviction.

     In an order filed on July 25, 2008, the Court directed Respondents to file a Pre-
Answer Response (Pre-Answer) limited to addressing the affirmative defenses of
timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28
U.S.C. § 2254(b)(1)(A). On August 13, 2008, Respondents filed their Pre-Answer. Mr.
Marshall filed a Reply to the Pre-Answer on September 18, 2008.

In the Application, Mr. Marshall asserts that on August 18, 2004, he pled guilty to possession of contraband and was sentenced to fifteen months of incarceration and one year of parole in Case No. 04CR212 in the Fremont County District Court of Colorado. (Am. Application (July 21, 2008) at 2.) He further asserts that he did not file a direct appeal but filed a Colo. R. Crim. P. 35(c) postconviction motion on May 1, 2006. (Am. Application at 4.) He contends that the trial court denied the Rule 35(c) motion, that the state court of appeals affirmed the denial on September 20, 2007, and that the Colorado Supreme Court denied a petition for writ of certiorari on February 4, 2008. (Am. Application at 4.)

Mr. Marshall has raised two claims in the instant action. Liberally construing Claim One, the Court finds Mr. Marshall asserts that his rights to a speedy trial under the Uniform Mandatory Disposition of Detainers Act (UMDDA), Colo. Rev. Stat. § 16-14-104, were violated. In Claim Two, he asserts that the district attorney has stated he is not subject to payment of restitution, but the state trial court has failed to comply with the state court of appeals' order directing the trial court to correct his mittimus and remove the restitution requirement.

## II. Analysis

The Court must construe liberally Mr. Marshall's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the actions.

2

## A. 28 U.S.C. § 2244(d) Time-Bar

Respondents concede that Mr. Marshall's Application appears to be timely under 28 U.S.C. § 2244(d). The Court agrees with Respondents that the Application is timely but for different reasons. Twenty days after he entered into a plea agreement, and he was sentenced, on September 7, 2004, Mr. Marshall filed a Colo. R. Crim. P. 35(b) motion, which was denied on appeal on February 16, 2006. (Pre-Answer, App. A (Register of Actions, 04CR212).) He did not petition the Colorado Supreme Court for certiorari review in the motion, but he requested, on April 6, 2006, that the court of appeals issue a mandate, which the court of appeals did on April 17, 2006. (Pre-Answer, App. A (Register of Actions, 04CR212).) Mr. Marshall also filed two other postconviction motions, at least one prior to the mandate issuing on April 17, 2006. (Pre-Answer, App. A (Register of Actions, 04CR212).) The Colorado Court of Appeals affirmed the trial court's denial of the two postconviction motions on September 20, 2007, and the Colorado Supreme Court denied the petition for certiorari review on February 4, 2008. (Pre-Answer, Apps. J and N.) Mr. Marshall submitted the instant action to this Court on June 26, 2008. The time from February 5, 2008, the day after his petition for certiorari was denied, until June 25, 2008, the day prior to submitting the instant action to this Court, which is less than a year, is the only time that is not tolled for purposes of § 2244(d). The Application, therefore, is timely.

## B. State-Court Exhaustion

Respondents argue that Mr. Marshall has failed to exhaust his state court remedies in both Claims One and Two, because he has failed to present either claim as a violation of a federal law. (Pre-Answer at 7.) Respondents further argue that the

3

claims, however, are procedurally defaulted because any attempt to relitigate these claims as violations of federal constitutional law would be rejected as successive and an abuse of process under Colo. R. Crim. P. 35(c)(3)(VII). (Pre-Answer at 8.) Citing to *Gray v. Netherland*, 518 U.S. 152, 162 (1996), and *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995), Respondents contend that a state procedural bar that provides an independent and adequate state-law ground for denying the claim prevents federal habeas corpus review of the defaulted claim, unless the applicant demonstrates cause and prejudice for the default or establishes a fundamental miscarriage of justice such as actual innocence. Respondents conclude that because Mr. Marshall does not allege cause and actual prejudice or grounds establishing a miscarriage of justice federal review of his claims is foreclosed.

In his Reply, Mr. Marshall does not address whether his claims are procedurally defaulted. Mr. Marshall simply restates in the Reply that his speedy trial rights were violated, and the state district court refuses to correct his mittimus. He further states that he has exhausted his claims in state court, and he now is seeking to have the claims addressed at the federal level.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See*

4

*Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or

regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Marshall's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

1. Claim One/UMDDA

The Court has reviewed Mr. Marshall's opening brief filed in Colorado Court of Appeals Case No. 06CA2056, the case in which he raises his UMDDA claim. (Pre-Answer, App. G.) Mr. Marshall's UMDDA claim was not presented as a federal constitutional claim in the opening brief. His claim challenges the warden's failure to comply with Colo. Rev. Stat. § 16-14-101. (Pre-Answer, App. G at 3.) The state case that Mr. Marshall relied on for his argument in his opening brief, *People v. Trancoso*, 776 P.2d 374 (Colo. 1989), also does not decide a UMDDA claim based on the U.S. constitutional or federal law. In *Trancoso*, the court determined when a prison

superintendent's duties are invoked under § 16-14-103. Furthermore, the Colorado Court of Appeals, in the opinion affirming the trial court's denial of Mr. Marshall's postconviction motion, does not address his UMDDA claim as a federal constitutional claim. (Pre-Answer, App. J.) Therefore, Mr. Marshall's asserted violation of the UMDDA will not sustain a § 2254 claim.

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII) The exceptions are not applicable to the claims that Mr. Marshall failed to exhaust. *Id.* This Court, however, may not dismiss the UMDDA claim for failure to exhaust state remedies if Mr. Marshall no longer has an adequate and effective state remedy available to him.

In his Reply, Mr. Marshall fails to address cause and prejudice for his procedural default. He also does not assert how a failure by this Court to consider the UMDDA will result in a fundamental miscarriage of justice. Therefore, the Court finds that the UMDDA claim is procedurally barred and must be dismissed.

### 2. Claim Two/Restitution

Claims set forth in a 28 U.S.C. § 2254 action may be denied on the merits notwithstanding a failure to exhaust state court remedies. *See Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002); 28 U.S.C. § 2254(b)(2). The Court, therefore, will proceed to address the merits of Mr. Marshall's restitution claim.

Without more a restitution payment or fine is not the sort of significant restraint on liberty contemplated in the "in custody" requirement of 28 U.S.C. § 2254(a). *See*

7

*Erlandson v. Northglenn Municipal*, 528 F.3d 785, 788 (10th Cir. 2008) (citing *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); *accord Fields v. Oklahoma*, 243 Fed. Appx. 395, 397 (10th Cir. 2007) (unpublished); *Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987); *Tinder v. Paula*, 725 F.2d 801, 804-05 (1st Cir. 1984); *Spring v. Caldwell*, 692 F.2d 994, 996-97, 999 (5th Cir. 1982); *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982); *Hanson v. Circuit Court of the First Judicial Circuit of Ill.*, 591 F.2d 404, 407 (7th Cir. 1979); *Wright v. Bailey*, 544 F.2d 737, 739 (4th Cir. 1976)). The "in custody" language of § 2254 is jurisdictional. *Erlandson*, 528 F.3d at 788. To the extent, therefore, that Mr. Marshall is utilizing a § 2254 action to seek removal of the alleged restitution requirement from his state conviction mittimus, this Court lacks subject matter jurisdiction. *Id.* The restitution claim will be denied on the merits.

III. Conclusion

Accordingly, based on the above findings, it is

ORDERED that the Application is denied and the action is dismissed in part on the merits and in part as procedurally defaulted.

DATED at Denver, Colorado, this __8__ day of _____Oct._____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  08-cv-01400-BNB

Eric Marshall
Prisoner No. 83492
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**  to the above-named individuals on _10/9/08_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk